IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIM BURGETT, #15289-075, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–01372−JPG |
| | ) | |
| MICHAEL PUCKETT | ) | |
| and LINDSEY OWINGS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jim Burgett, an inmate who is currently incarcerated in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this action for deprivations of his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff challenges 18 "risk relevant" disciplinary tickets he received for writing sexually explicit letters to a female friend in 2017. (Doc. 1, pp. 5-8). He seeks monetary damages and injunctive relief at the close of the case. (Doc. 1, p. 8).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff alleges that he is a 69-year-old inmate who is serving a life sentence in the Federal Bureau of Prisons (BOP). (Doc. 1, p. 5). For the past 8 years, he has written sexually explicit letters to his 65-year-old female friend. *Id*. He continued to do so after he transferred to USP-Marion in March 2014 and was placed in the Communications Management Unit (CMU), which allegedly "house[es] terrorists and inmates who threaten government officials by letter, e-mail, or phone" alongside inmates who are generally unwelcome at other prisons. *Id*.

In March 2015, Plaintiff was placed on a Correctional Management Plan (CMP)[1] designed to censor his communications for anything sexual in nature. (Doc. 1, p. 5). In December 2016, Doctor Owings, a psychologist employed at USP-Marion, approached Plaintiff in the kitchen and reminded him that he remained on the CMP plan because he is a sex offender. (Doc. 1, p. 6). Plaintiff threatened to report her for disclosing this private information, and she warned him not to do so. *Id*. When Plaintiff and other inmates ignored these warnings and complained, Doctor Owings was reprimanded and "wouldn't let it go." *Id*.

Between January and October 2017, Doctor Owings allegedly retaliated against Plaintiff by issuing him 21 incident reports, 18 of which were "risk relevant" for conduct that was deemed sexual in nature. (Doc. 1, p. 6). Disciplinary Hearing Officer (DHO) Michael Puckett found Plaintiff guilty of the 18 "risk relevant" tickets, after explaining that he lacked authority to dismiss or expunge them. *Id*. The other 3 tickets were expunged. (Doc. 1, p. 12). Plaintiff was

---

[1] Plaintiff states that Doctor Cook placed him on a CMP, and Doctor Menneke did not agree with this decision. (Doc. 1, p. 5). Neither individual is named as a defendant in this action. *Id*. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

punished with placement in the special housing unit (SHU) for an undisclosed length of time in June 2017, and his attempt to challenge this decision was unsuccessful. (Doc. 1, pp. 6-7).

He complains of unconstitutional conditions of confinement in the SHU. (Doc. 1, p. 7). Temperatures soared as high as 130º F on a daily basis. *Id*. The unit lacked ventilation, a fan, and air conditioning. *Id*. Plaintiff was particularly susceptible to the heat because of a heart condition, and he repeatedly passed out. *Id*. No action was taken to "keep [his] heart cool," and Plaintiff required a stent following his release from SHU. *Id*. He now seeks monetary relief and a policy authorizing the dismissal or expungement of "risk relevant" tickets. (Doc. 1, p. 8).

## Discussion

Based on the allegations set forth in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** First Amendment retaliation claim against Defendant Owings for issuing Plaintiff 21 tickets, including 18 "risk relevant" tickets, because he complained about her public disclosure of private information and his sex offender status.
>
> **Count 2:** Fifth Amendment claim against Defendants Owings and Puckett for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with segregation for 18 "risk relevant" disciplinary tickets.
>
> **Count 3:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in the SHU in June 2017.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is not identified above is considered dismissed without prejudice pursuant to *Twombly*.**

## Count 1

The only claim that survives screening is the First Amendment retaliation claim in Count 1 against Doctor Owings. This is despite the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (7th Cir. 2017), suggesting that the only valid contexts for

3

constitutional claims against federal officers are those previously recognized by that Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397 (Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment). However, the Seventh Circuit has long recognized the viability of a First Amendment retaliation claim brought by a federal prisoner. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). In order to state a claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection exists between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3 541, 546 (7th Cir. 2009) (citation omitted)). The allegations in the Complaint articulate a viable claim against Doctor Owings, based on her issuance of 18 "risk relevant" tickets and 3 other tickets (later expunged) against Plaintiff after she was verbally reprimanded for disclosing private information about him. Whether this claim is foreclose under *Ziglar* is a complex legal issue that would benefit from briefing by attorneys. The Court declines to address the proper application of *Ziglar* in this Order. For now, Count 1 shall receive further review against Doctor Owings, and Defendants may raise the issue again at a later time.

## Count 2

The same cannot be said of the Fifth Amendment due process claim in Count 2. The Seventh Circuit recently declined to recognize a new theory of relief in a *Bivens* action premised on due process violations. *See Goree v. Serio*, -- F.3d --, 2018 WL 4179546 (7th Cir. Aug. 30, 2018) (citing *Ziglar*, 137 S.Ct. at 1857-58). Beyond this, Plaintiff did not identify a protected liberty interest that gave rise to any due process protections. In the context of 42 U.S.C. § 1983, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life,

liberty, or property" before due process protections are triggered. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Seventh Circuit limits the ability of prisoners to argue that a term in segregation implicates a liberty interest, unless the confinement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When making this determination, courts generally consider the duration of segregative confinement and the conditions endured. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Plaintiff focuses only on the conditions he endured, including soaring temperatures and poor ventilation. He does not indicate how long he endured the conditions or suggest that the conditions were worse in SHU. Without this information, the Court is unable to determine whether a protected liberty interest was even at stake.

Plaintiff also fails to describe the due process protections he was denied. These protections generally include: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Plaintiff points to no violations of these due process protections or challenge the tickets as false.

He instead seems to challenge his placement on a CMP by Doctor Cook. However, Plaintiff did not name Doctor Cook as a defendant. Consequently, he cannot proceed with a due process claim against this individual. *See* FED. R. CIV. P. 10(a); *Myles*, 416 F.3d at 551-52.

The allegations fall short of stating a due process claim against either defendant. Accordingly, Count 2 shall be dismissed without prejudice against them.

**Count 3**

The Eighth Amendment claim for unconstitutional conditions of confinement also fails on the merits. In evaluating such claims, the Court conducts an objective and a subjective inquiry. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective inquiry requires the Court to consider whether the alleged deprivation was "sufficiently serious." *Id*. The subjective inquiry requires the Court to consider whether the defendants acted with deliberate indifference, which occurs when the officials know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The allegations do not satisfy the subjective component of this claim because Plaintiff does not allege that he put either defendant on notice of his heart condition, his particular susceptibility to heat, the cell temperatures, the ventilation problems, or the lack of air conditioning. Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendant **LINDSEY OWINGS**, but this claim is **DISMISSED** with prejudice against Defendant **MICHAEL PUCKETT** for failure to state a claim.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice against both defendants for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **LINDSEY OWINGS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to

the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**
