# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIM BURGETT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL PUCKET and LINDSEY OWINGS,<br><br>    Defendants. | Case No. 18-cv-1372-JPG-RJD |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 47) of Magistrate Judge Reona J. Daly recommending that the Court deny plaintiff Jim Burgett's "Motion for Injunction to Suspend All Sanctions Emergency Writ" (Doc. 27). Burgett has filed objections to the Report (Doc. 54).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This is a First Amendment retaliation claim against defendant Dr. Lindsey Owings in which Burgett asserts Dr. Owings issued him numerous tickets because he complained that she publicly disclosed his private information. In his pending motion, Burgett asks the Court to order the United States Penitentiary at Marion, Illinois, to allow him to have access to the phone and email to assist him in this litigation, to allow him access to commissary food, and to

terminate all other sanctions against him.

In the Report, Magistrate Judge Daly treats the motion as seeking a preliminary injunction and finds that the relief Burgett seeks is not sufficiently related to the merits of his case to justify preliminary injunctive relief.

In his objection, Burgett does not address the points raised in the Report but instead continues to set forth the reasons he believes needs phone and email access and access to commissary food.

The Court has reviewed Burgett's motion *de novo* and finds, for the reasons set forth in the Report, that the Magistrate Judge Daly is correct as to her reasons and conclusion. Should Burgett feel that contacting outside parties by mail is too slow, he may always petition the Court for extensions of deadlines to accommodate the slowness of the mail. Furthermore, to the extent he believes he is entitled to the use of the phone and email or to more food, he may file a new lawsuit about those issues after exhausting his available administrative remedies.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 47);
- **OVERRULES** Burgett's objections (Doc. 54); and
- **DENIES** Burgett's "Motion for Injunction to Suspend All Sanctions Emergency Writ" (Doc. 27).

**IT IS SO ORDERED.**
**DATED:   November 4, 2019**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**