UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIM BURGETT,

    Plaintiff,

v.

MICHAEL PUCKET and LINDSEY OWINGS,

    Defendants.

Case No. 18-cv-1372-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 59) of Magistrate Judge Reona J. Daly who, after holding a hearing on November 12, 2019, recommends granting defendant Dr. Lindsey Owings's motion for summary judgment (Doc. 25) and dismissing plaintiff Jim Burgett's claim against her for failure to exhaust administrative remedies. Magistrate Judge Daly further recommends finding as moot Owings's request for dismissal contained within the pending motion. Burgett has objected to the Report (Docs. 62, 64, & 68), and Owings has responded to at least one articulation of Burgett's objection (Doc. 63). The Court also addresses Burgett's motion to appeal Magistrate Judge Daly's order declining to recruit counsel to represent him, which the Court construes as an objection to a magistrate judge's order pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

**I.    Report and Recommendation**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are

made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In this First Amendment retaliation claim, Burgett asserts that Owings, a psychologist at the United States Penitentiary at Marion, Illinois ("USP-Marion"), issued Burgett numerous tickets because he complained that she publicly disclosed his private information, including the nature of his offense.  Owings asks the Court for summary judgment on this claim because Burgett failed to exhaust administrative remedies for his claim as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

In the Report, Magistrate Judge Daly found, after holding a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), that Burgett had failed to exhaust his administrative remedies for the remaining claim in this case.  Specifically, she found that there was only one request for administrative remedy (a BP-9)—Remedy 905958 filed in July 2017—that raised the conduct alleged in this case, and that Burgett had not pursued available appeals beyond the institutional level by filing a BP-10 and a BP-11 with the Regional Office and Central Office, respectively.  She found incredible Burgett's testimony that he had, indeed, submitted a BP-10 and a BP-11 in light of the credible testimony from USP-Marion employees Gary Burgess and Kathy Hill as well as the documentary evidence and inferences from the record in this case. Magistrate Judge Daly specifically noted the credible testimony that the outgoing mail of every inmate in Burgett's unit (the Communications Management Unit) was scanned and immediately sent to the Counterterrorism Unit ("CTU") for review.  The credible testimony showed that if Burgett had attempted to mail a BP-10 or a BP-11, those forms would have been scanned and

stored, but nothing of the kind appeared in Burgett's records.   Also, Magistrate Judge Daly noted that Burgett failed to mention any BP-10 or BP-11 in, or attach copies to, his complaint, although he filed purported copies in connection with his summary judgment response. Magistrate Judge Daly concluded that Burgett was disingenuous in his testimony that he mailed a BP-10 and a BP-11 to the appropriate offices to exhaust his administrative remedies.

Burgett objects to Magistrate Judge Daly's credibility findings.   He submits an affidavit from a fellow inmate, Scott Rendelman, stating that in February 2019 Burgess and Hill tore up Rendelman's administrative remedy forms and refused to give him new forms.   He claims that although he knew Rendelman had had troubles with Burgess's handling of forms, he did not know the specifics of Rendelman's situation with Burgess until after the *Pavey* hearing.   Burgett argues that if Burgess and Hill would tear up another inmate's remedy forms, they would do that to his forms as well.   He also submits his own affidavit questioning whether Burgess scanned mail "immediately" to send to the CTU as well as two news articles.   In supplemental objections he submits an additional affidavit from fellow inmate Hosam Smadi attesting to similar alleged misconduct by Burgess.   He urges the Court to hold a new *Pavey* hearing.

In response, Owings argues that the evidence in Burgett's objection is inadmissible under Federal Rule of Evidence 608(b) as extrinsic evidence of specific instances of conduct to attack Burgess's credibility or it is irrelevant.   She notes Burgett had an opportunity to cross examine Burgess and Hill on events related to that evidence at the *Pavey* hearing but declined to do so.

The Court has reviewed the matter *de novo*, including reviewing the transcript of the *Pavey* hearing.   Even under a *de novo* review, the Court defers to Magistrate Judge Daly's credibility findings and will overturn them only if they are clearly erroneous.   *See Pavey v.*

3

*Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (citing Fed. R. Civ. P. 52(a)(6)); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[A] *de novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations."). Magistrate Judge Daly had an opportunity to observe the demeanor of the witnesses while testifying and is therefore in the best position to judge the credibility of their testimony. Furthermore, Magistrate Judge Daly's credibility findings were consistent with other evidence presented at the *Pavey* hearing and the record of the case. It was not clearly erroneous.

The evidence presented by Burgett in his objection does not convince the Court otherwise. The evidence is either hearsay, irrelevant, or should have been presented at the *Pavey* hearing. To the extent Burgett did not discover the details of Rendelman's testimony, he knew before the *Pavey* hearing that Rendelman had some possibly relevant information, yet he failed to ask Burgess or Hill anything about it and failed to ask the Court to arrange for Rendelman to be a witness or to continue the hearing until he could discover the details of Rendelman's allegations. The hearing was Burgett's time to bring these matters up, and he failed to do so.

For all of these reasons, the Court accepts Magistrate Judge Daly's credibility findings. Once accepted, those findings lead to the inevitable conclusion that Burgett failed to exhaust his available administrative remedies by filing a BP-10 and a BP-11 with respect to Remedy 905958. Accordingly, the Court must grant summary judgment for Owings and dismiss Count 1 without prejudice.

## II.     Appeal of Magistrate Order

Burgett appeals (Doc. 67) from Magistrate Judge Daly's November 13, 2019, order (Doc. 58) denying his motion for appointment of counsel and of a law professor to address the constitutional issues surrounding the communications restrictions placed on him while in prison (Doc. 41).    He argues that his competent performance at the *Pavey* hearing before Magistrate Judge Daly is no indication of his ability to represent himself at trial, a vastly more strenuous endeavor that would tax his physical health.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.   See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   The Court may also *sua sponte* reconsider any matter determined by a magistrate judge.   SDIL Local Rule 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Magistrate Judge Daly's decision was not clearly erroneous or contrary to law in light of the established standards for recruitment of counsel for indigent litigants.   Furthermore, there is no need to reconsider that matter.   The Court agrees with Magistrate Judge Daly that Burgett competently represented himself in connection with the exhaustion issue and that the presence of counsel would not have had a reasonable chance of changing the resolution of that issue.   Finally, in light of the foregoing analysis arriving at the conclusion that Burgett failed to exhaust his available administrative remedies, there will be no trial, rendering Burgett's concerns about his ability to try his case moot.

For these reasons, the Court will affirm Magistrate Judge Daly's order (Doc. 58) denying Burgett's motion for appointment of counsel (Doc. 41).

### III. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 59);

- **OVERRULES** Burgett's objections (Docs. 62, 64, & 68);

- **GRANTS** Owings's motion for summary judgment (Doc. 25);

- **DISMISSES without prejudice** Count 1, Burgett's First Amendment retaliation claim against Owings, for failure to exhaust administrative remedies;

- **DENIES as moot** Owings's request for dismissal contained within the pending motion (Doc. 25);

- **AFFIRMS** Magistrate Judge Daly's order declining to recruit counsel to represent Burgett (Doc. 58); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 19, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
